UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas Hiram Coleman,   Civil No. 12cv1386 (PJS/LIB)

    Plaintiff,

v.   **REPORT AND RECOMMENDATION**

Randy Khalil Hammad et al,
Tessa Huber, Columbia Heights Police Officer,
individually and in her official capacity,

    Defendants.

___

Douglas Hiram Coleman, *pro se*.

Ryan M. Zipf, Esq., League of Minnesota Cities, for Defendant Huber.

_____

Leo I. Brisbois, United States Magistrate Judge.

    This matter is before the undersigned United States Magistrate Judge on Defendant Huber's motion to dismiss [Doc. No. 16]. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Defendant Huber's motion to dismiss be granted; and the claims against Huber be dismissed without prejudice.

**I.    BACKGROUND**

    This case arises out of an incident in a tobacco shop that resulted in Plaintiff's arrest for felony terroristic threat, and his subsequent guilty plea to a lesser charge of gross misdemeanor terroristic threat. (Am. Compl.) [Doc. No. 6.] According to Plaintiff, on March 6, 2012, the police were called when he entered a tobacco shop for the

1

second time that day.  (Id. ¶ 7(b)).  The owner of the store, Defendant Hammad, told the police that Plaintiff threatened him with a knife.  (Id. ¶ 7(e)).  Columbia Heights Police Officer Tessa Huber investigated the report and signed a complaint against Plaintiff but she failed to take into evidence the March 6, 2012 surveillance video from the store. (Id.).

Plaintiff alleges Defendant Huber conspired with Hammad to fabricate a crime and violate Plaintiff's civil rights.  (Id.).[1]  Plaintiff asserts Defendant Huber falsely charged him with a felony terroristic threat, because she watched the surveillance video and did not see Plaintiff holding a nine-inch knife, as Hammad reported.  (Id.)  Plaintiff was held in Anoka County jail pending the charge against him, causing him to be evicted from his apartment and becoming homeless upon his release.  (Id.)

The Anoka County Attorney dropped the felony charge to a gross misdemeanor when they could not produce the surveillance video.  (Id. ¶ 7(f)).  Plaintiff pled guilty "under duress" he asserts, because he could not secure bond and was promised release that day, April 25, 2012, for his guilty plea.  (Id.).  His public defender did not respond to his requests to make a timely motion to withdraw his plea, and the trial court denied his *pro se* petition.  (Id.)  For relief, Plaintiff is seeking money damages and an order stopping racial profiling and discrimination against people of color by the Columbia Heights Police Department.  (Am. Compl. at 4.)

---

[1] Plaintiff alleges violation of his U.S. Constitutional rights under Amendments IV, V, VI, VIII, and XIV.  42 U.S.C. § 1983 "provides a federal cause of action for plaintiffs to sue officials acting under color of state law for alleged deprivations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Alsbrook v. Maumelle, 184 F.3d 999, 1010-11 (8th Cir. 1999) (quoting 42 U.S.C. § 1983).

Defendant Huber filed the present motion to dismiss, arguing that Plaintiff's civil rights claim against her is barred by Heck v. Humphrey, 512 U.S. 477 (1994) because Plaintiff disputes the validity of a conviction that has not been reversed, expunged or declared invalid. (Def. Tessa Huber's Mem. of Law in Supp. of her Mot. to Dismiss at 4-5) [Doc. No. 20]. Plaintiff responded that Huber's motion should not be granted because she assisted Defendant Hammad[2] in destroying the video evidence that would exonerate him. (Opp. to Def's Mot. to Dismiss) [Doc. No. 34]. On January 18, 2013, Defendant Huber replied that Plaintiff's claims against her are barred by Heck because Plaintiff's conviction still has not been reversed, expunged or declared invalid. (Defendant Tessa Huber's Reply Mem. of Law in Supp. of her Mot. to Dismiss at 2-3) [Doc. No. 42].

## II. DISCUSSION

A complaint survives a motion to dismiss if it contains sufficient facts, accepted as true, to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible when the facts alleged create a reasonable inference that the defendant is liable for the alleged misconduct. Id. (quoting Twombly, 550 U.S. at 556.)

In Heck, the Supreme Court held,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

---

[2] In his opposition to the motion to dismiss, Plaintiff accuses a second officer of conspiring with Hammad and Huber. However, no Second Amended Complaint has ever been sought or served on this second officer so as to bring them under the personal jurisdiction of this Court.

3

> expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87.

Plaintiff alleges Defendant Huber conspired to falsely charge him with a felony terroristic threat and destroyed or failed to secure evidence that would have exonerated him. In a similar case, the Eighth Circuit found that Heck barred a claim that destruction or secreting of videotape evidence violated a defendant's right to due process during his criminal trial. See Moore v. Novak, 146 F.3d 531, 536 (8th Cir. 1998); see also Moore v. Sims, 200 F.3d 1170, 1172 (8th Cir. 2000) (claim that officer unlawfully planted evidence was Heck-barred). Here, Plaintiff's allegations in this civil case against Huber are clearly meant to cast doubt upon Plaintiff's conviction.

Plaintiff has not alleged facts suggesting his conviction has been reversed on direct appeal, expunged by executive order, otherwise declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, his claims against Huber are barred by Heck. Heck-barred claims should be dismissed without prejudice so the plaintiff can refile if he satisfies the Heck requirement. Gautreaux v. Sanders, 395 Fed. Appx. 311, 313 (8th Cir. 2010) (per curiam) (unpublished) (citing Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995)).

### III. PLAINTIFF'S CLAIMS AGAINST DEFENDANT HAMMAD, AND DEFENDANT HAMMAD'S COUNTERCLAIM

Construing liberally[3] Plaintiff's Amended Complaint, [Docket No. 6], the Court sees claims against Defendant Hammad as seeking to allege employment

---

[3] A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). As such, a complaint should not be dismissed for

4

discrimination, assault, and theft or conversion of his bicycle.[4]  (Am. Compl. at 4, 6).

Defendant Hammad timely answered, denying Plaintiff's claims and alleging that this Court lacks subject matter jurisdiction because the claims against him arise under Minnesota State law.  (Answer and Counterclaim [Docket No. 16], at 1, ¶¶ 2, 5).  Additionally, Defendant Hammad brought a counterclaim against Plaintiff alleging civil assault.  (Id. at 2-3, ¶¶ 10-19).  Although Plaintiff sought an extension of time to respond to Defendant Hammad's counterclaim, (Pl.'s Mot. Extension of Time to File Resp. to Counterclaim [Docket No. 35]), and the Court on December 19, 2012, granted that request, (Order [Docket No. 40]), to date Plaintiff has not responded to Defendant Hammad's counterclaim.

### A. PLAINTIFF'S EMPLOYMENT DISCRIMINATION CLAIM

Because Plaintiff's claims for assault and theft or conversion, and Defendant Hammad's counterclaim for assault, sound in State law, the Court first considers whether Plaintiff has alleged a Federal cause of action with regard to his employment discrimination claim.  Plaintiff alleges that, in or around July 2011, he asked Defendant Hammad for an employment application, and that Defendant Hammad refused to give him an application "based solely on [Plaintiff's] skin color and ethnic origin."  (Am. Compl. at 4).  Plaintiff further alleges that Defendant Hammad "does not employ people of color at any of his places of business."  (Id.).  Plaintiff seeks an order from this Court

---

failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff cannot prove any set of facts entitling him to relief on his claim.  Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).
[4] Although the Court must liberally construe Plaintiff's Amended Complaint, the Court "is not required 'to divine the litigant's intent and create claims that are not clearly raised,' and it need not 'conjure up unpled allegations' to save a complaint.  Gregory v. Dillard's, Inc., 565 F.3d 464, 469 (8th Cir. 2009) (quoting Bediako v. Stein Mart, Inc., 354 F.3d 835, 840 (8th Cir. 2004), and Rios v. City of Del Rio, 444 F.3d 417, 421 (5th Cir. 2006) (internal quotation omitted)).

barring Defendant Hammad from engaging in racial discrimination, and awarding Plaintiff money damages. (Id.).

However, although Plaintiff generically alleges that Defendant Hammad violated his civil rights "under the United States Constitution of America Articles IV, V, VI, VIII and XIV sec. 1,"[5] he does not specifically articulate a *Federal* claim by, for example, identifying a Federal statute authorizing his claim. Plaintiff does not even specify whether he is bringing his employment discrimination claim under Federal law or under State law. Additionally, Plaintiff's claim cannot arise under 42 U.S.C. § 1983, as he has plead no facts that would lead the Court to conclude that Defendant Hammad was a State actor.

Even assuming, for the sake of argument, that Plaintiff brought a valid Title VII claim alleging employment discrimination on the basis of race, see 42 U.S.C. § 2000e-2, his claim would fail as a matter of law because he has not demonstrated that he has cleared the procedural hurdles necessary to allege a Federal employment discrimination claim. "A plaintiff must exhaust his or her administrative remedies before filing claims under Title VII." Benford v. City of Minneapolis, No. 10-cv-4539 (ADM/LIB), 2012 U.S. Dist. LEXIS 175979, at *21 (D. Minn. Dec. 12, 2012) (Montgomery, J.). With regard to a claim of unlawful racial discrimination, a plaintiff generally must first present his claim to the Equal Employment Opportunity Commission (EEOC). Id. ("Generally, a plaintiff may not sue in civil court under Title VII until: (1) 180 days pass since the plaintiff first filed his or her charge of discrimination with the EEOC; and (2) the plaintiff receives a 'right to sue' letter from the EEOC. If a plaintiff files suit without a 'right to

---

[5] The Court presumes that Plaintiff meant the Fourth, Fifth, Sixth, Eighth and Fourteenth *Amendments*, as he alleges no claim relative to the enumerated *Articles* of the Constitution.

sue' letter in hand, the plaintiff may cure this defect if he or she receives the 'right to sue' letter before dismissal of the suit" (citing Jones v. Am. State Bank, 857 F.2d 494, 499-500 (8th Cir. 1988).). In the present case, however, Plaintiff alleges no facts that would lead this Court to believe that he has even presented his complaint to the EEOC, much less that he has received from the EEOC a "right to sue" letter.

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). However, even a pro se complaint must allege facts, and not just bare, unsupported, legal conclusions. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) ("[a]t the very least . . . the complaint must contain facts which state a claim as a matter of law and must not be conclusory"). Liberal construction of a pro se party's pleadings does not excuse them from complying with the substantive law. Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986).

Consequently, even assuming that this Court saw a Federal claim in Plaintiff's employment discrimination allegations against Defendant Hammad, it is patently obvious that Plaintiff has failed to plausibly plead a Federal employment discrimination claim. Furthermore, although Defendant Hammad has not filed a motion to dismiss Plaintiff's claims against him, neither has Plaintiff responded to Defendant Hammad's pleading assertion that this Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant Hammad because those claims do not arise under Federal law.

Accordingly, despite the fact that Defendant Hammad has not filed a motion to dismiss, this Court *sua sponte* recommends that Plaintiff's employment discrimination claim be dismissed without prejudice.[6]

## B. PLAINTIFF'S STATE-LAW CLAIMS, AND DEFENDANT HAMMAD'S STATE-LAW COUNTERCLAIM

"The Court has broad discretion in deciding whether to continue hearing state claims following dismissal of federal claims." Shimer v. Shingobee Island Water and Sewer Comm'n, No. 02-cv-953 (JRT/FLN), 2003 U.S. Dist. LEXIS 4210, at *26 (D. Minn. Mar. 18, 2003) (Tunheim, J.). "In determining whether to exercise supplemental jurisdiction, courts consider factors such as judicial efficiency, convenience, and fairness to the litigants, but should 'exercise judicial restraint and avoid state law issues wherever possible.'" Hylla v. Transp. Commc'n Int'l Union, No. 06-cv-4700 (JRT/RLE), 2007 U.S. Dist. LEXIS 75505, *11-12 (D. Minn. Sept. 28, 2007) (Tunheim, J.) (citing Condor Corp. v. City of St. Paul, 912 F.2d 215, 221 (8th Cir. 1990); and quoting Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir. 2000)).

The present case "is in its very early stages, and the only claim over which the Court has original jurisdiction has been [recommend for dismissal]." Conrad v. Xcel Energy, Inc., No. 12-cv-2819 (PJS/FLN), 2013 U.S. Dist. LEXIS 49840, at *23 (D. Minn. Apr. 5, 2013) (Schiltz, J.). Consequently, this Court recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims or Defendant Hammad's state-law counterclaim.

---

[6] While it is unusual that the Court would *sua sponte* recommend dismissing a claim under the Iqbal and Twombly standard, the Eighth Circuit has held that "where a district court exercises its power to *sua sponte* dismiss a claim (without any pending motion to dismiss), the court's failure to give the plaintiff notice and an opportunity to respond before doing so is not reversible error if "it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." Christiansen v. W. Branch Cmty Sch. Dist., 674 F.3d 927, 938 (8th Cir. 2012) (quoting Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991)).

## IV.     CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** THAT:

1. Defendant Huber's motion to dismiss [Doc. No. 16] be GRANTED;

2. The claims against Defendant Huber be dismissed without prejudice;

3. The claims against Defendant Hammad be dismissed without prejudice; and

4. Defendant Hammad's counterclaim against Plaintiff be dismissed without prejudice.


Dated this  23rd  day of  July, 2013.

                                          s/Leo I. Brisbois
                                          LEO I. BRISBOIS
                                          United States Magistrate Judge


**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 6, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection.  A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.