UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DOUGLAS HIRAM COLEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>RANDY KHALIL HAMMAD, a/k/a RKH;<br>and TESSA HUBER, Columbia Heights<br>Police Officer, both individually and in her<br>official capacity,<br><br>    Defendants. | Case No. 12-CV-1386 (PJS/LIB)<br><br>ORDER |

---

  Douglas Hiram Coleman, pro se.

  Richard Raver and Morgan Smith, SMITH & RAVER, LLP, for defendant Randy Khalil Hammad.

  Ryan M. Zipf, LEAGUE OF MINNESOTA CITIES, for defendant Tessa Huber.

  Plaintiff Douglas Hiram Coleman pleaded guilty in Minnesota state court to making terroristic threats towards defendant Randy Khalil Hammad. In his pro se amended complaint, Coleman alleges that defendant Tessa Huber (a police officer) violated his civil rights by falsifying evidence related to that charge. Coleman also alleges that Hammad discriminated against him by refusing to hire him because of his race. Construed liberally, Coleman's amended complaint can also be read as raising various state-law claims against Hammad and Huber, such as claims for intentional infliction of emotional distress and negligence. Hammad, in turn, has filed a counterclaim against Coleman for assault.

  This matter is before the Court on Coleman's objection to the July 23, 2013 Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois. In that R&R, Judge Brisbois

recommends dismissing Coleman's civil-rights claims against Huber without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Judge Brisbois also recommends that the Court decline to exercise supplemental jurisdiction over the remaining state-law claims and thus dismiss those claims without prejudice as well.[1]

The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although the Court agrees with Judge Brisbois's analysis, subsequent developments in Coleman's underlying criminal case have rendered much of that analysis inapplicable. Specifically, Coleman's guilty plea has since been invalidated by the Minnesota Court of Appeals, s*ee* ECF No. 52-1, and Huber has since withdrawn her motion to dismiss, *see* ECF No. 52. The Court therefore declines to adopt the recommendation that Coleman's claims against Huber be dismissed pursuant to *Heck* and the recommendation that the Court decline to exercise supplemental jurisdiction over the remaining state-law claims.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court ADOPTS the July 23, 2013 Report and Recommendation of Magistrate Judge Leo I. Brisbois insofar as it recommends that plaintiff Douglas Hiram Coleman's employment-discrimination claim against defendant Randy Khalil

---

[1]Judge Brisbois also recommends dismissing Coleman's employment-discrimination claim against Hammad without prejudice for failure to state a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Judge Brisbois's analysis is clearly correct, and Coleman has not objected to Judge Brisbois's recommendation that the employment-discrimination claim be dismissed.

Hammad be dismissed without prejudice.  The Court DECLINES TO ADOPT the July 23, 2013 Report and Recommendation in any other respect.

2. Plaintiff Douglas Hiram Coleman's employment-discrimination claim against defendant Randy Khalil Hammad is DISMISSED WITHOUT PREJUDICE.

3. Defendant Tessa Huber's motion to dismiss [ECF No. 16] is WITHDRAWN.

Dated: September 4 , 2013          s/Patrick J. Schiltz
                                   Patrick J. Schiltz
                                   United States District Judge